Waties, J.
This is a new case, but I feel no difficulty in forming an opinion on it. There is no precedent which says the goods of a stranger are not distrainable for rent, but the exemption is reasonable on general principles. The law of distress would be greatly perverted, if it were made to operate on goods circumstanced as these. The reason why a stranger’s goods are subject to distress, is, because infinite frauds would be otherwise practised on a landlord ; and his summary remedy in this case, might at any time be defeated, by a collusion between his tenant and a stranger. All goods, therefore, found upon the premises, belonging to strangers or tenants, are generally distrainable. They are presumed to be the property of the *104 tenant, because in his possession. There is no instance in which possession is regarded, so much as the evidence of .... property as in. this, to preserve the right of the landlord Rom fraud and imposition. This appears to be the sole object of the law, and, therefore, admits of exceptions, when this mischief does not occur. For where the possession of the goods by the tenant holds out no fallacious security to the landlord, but are known to belong to a stranger, in that case they are privileged from distress % as in the case of a horse at an inn, or in a smith’s shop to - be shod; cloth at a taylor’s, and sacks of corn in a market or mill, &c. These are privileged and protected for the benefit of trade, but in my mind, it is as good a reason, that the property (notwithstanding the immediate possession is in the tenant) is known by the.landlord not to belong to the tenant, but to his customers. No presumption of property can arise from the possession ; and, therefore, the landlord is not deprived of any security, he might have trusted to in them, for the payment of the rent. lyith respect to the present case, all the different reasons for an exemption, apply with great force. The defendants when they leased their house to the vendue master, could never have had in contemplation, any remedy they might have against the goods of various persons which might be lodged with him for sale. They must have known that these were not his property, and must have relied on other resources for the recovery of their rent. Considering then, the well known use of vendue stores, as the depositories ' of the goods of strangers only, and which are placed there as it were, by the authority of law, and considering also, the public convenience and utility of them, there appear to me the strongest grounds for extending to them the protection of the law.
Judgment for the plaintiff.